IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2008

Charles R. Fulbruge III
Clerk

No. 08-30112
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

VIET THEO NGUYEN, also known as U C

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CR-142-ALL

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Viet Theo Nguyen appeals the 72-month sentence imposed following his guilty plea conviction for causing bodily injury to another person with the intent to retaliate against the person for providing law enforcement with information relating to the commission of a federal offense, in violation of 18 U.S.C. § 1513(b)(2). Nguyen argues that the sentence was unreasonable because the district court failed to account for a fact that should have received significant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

weight, that is, that the assault was not an act of premeditated retaliation but instead was triggered by the victim's "staring down" Nguyen.

Under the discretionary sentencing system established by United States v. Booker, 543 U.S. 220 (2005), district courts retain a duty to consider the Sentencing Guidelines, along with the sentencing factors set forth in 18 U.S.C. § 3553(a). United States v. Mares, 402 F.3d 511, 518-19 (5th Cir. 2005). This court reviews the sentence imposed for reasonableness in light of the factors set forth in § 3553(a). Id. at 519.

We must first determine whether the district court committed any procedural errors. Gall v. United States, 128 S. Ct. 586, 597 (2007). If the district court's decision is procedurally sound, this court will "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard . . . tak[ing] into account the totality of the circumstances." Id. A post-Booker discretionary sentence imposed within a properly calculated guideline range is entitled to a rebuttable presumption of reasonableness. United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

Although Nguyen argued in favor of a sentence below the guidelines range, he has failed to rebut the presumption that the sentence imposed was reasonable. The record reflects that the district court carefully considered Nguyen's arguments, read letters of support on Nguyen's behalf, and heard testimony from both Nguyen and his sister. The district court noted, however, that the offense was a "very serious" one that has the effect of deterring individuals from reporting crimes and cooperating with the Government. Further, the district court considered the factors and statutory concerns set forth in § 3553(a), including the nature and circumstances of the offense, the seriousness of the offense, Nguyen's criminal history, as well as the need to protect the public, to provide respect for the law, and to provide adequate deterrence against future criminal conduct.

The district court considered the proper factors and adequately explained the sentence being given. In light of the deference due to the district court's sentencing decisions, there was no abuse of discretion. See Gall, 128 S. Ct. at 597; Alonzo, 435 F.3d at 554.

Nguyen's sentence is AFFIRMED.